IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20059
Summary Calendar
_____

SAM PENA and JO NELL PENA,

                              Plaintiffs-Appellants,

                    versus

THE UNITED STATES OF AMERICA,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
_____

July 27, 1995

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Sam Pena and Jo Nell Pena sued the United States in district

court challenging their income tax liability for 1971, seeking a

refund of funds seized from them by the Internal Revenue Service

("IRS") to satisfy that liability.  The district court dismissed

the complaint concluding that the court lacked subject matter

jurisdiction under 26 U.S.C. §6512(a), which precludes

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

jurisdiction over claims which have previously been filed in the United States Tax Court. The court also concluded that even if §6512 did not bar the Pena's claim the Government was entitled to summary judgment in its favor based on the doctrine of res judicata. We affirm.

After an audit of the Penas' income tax return for 1971, the IRS found a deficiency and mailed a Notice of Deficiency to the Penas in December of 1975. The Penas filed a petition in the United States Tax Court in March of 1976. The Tax Court dismissed the suit six years later for lack of prosecution. The Penas did not appeal the Tax Court decision. In 1989 the IRS seized proceeds from a bankruptcy distribution to which the Penas were entitled. The Penas filed this suit in March of 1994.

As the district court stated, §6512(a) provides that after a taxpayer files a petition with the United States Tax Court, "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." 26 U.S.C. §6512(a). The district court concluded that since the Penas had already filed suit in the Tax Court they could not institute an action in district court based on the same taxable income. See Solitron Devices, Inc. v. United States, 862 F.2d 846, 848 (11th Cir. 1989).

The Penas contend that their claim should still be heard in district court because an exception to the jurisdictional bar is provided for under the "mitigation provisions" of the Tax Code, 26 U.S.C. §§1311-14. These provisions allow for the correction

2

of the effect of certain types of errors made by a Tax Court determination when the correction of the error would normally be prevented by the operation of any law or rule of law, such as a statute of limitations, if certain conditions are present.  26 U.S.C. §1311.  One type of error allowed to be corrected under the mitigation provisions is the double inclusion of an item of gross income.  This can mean the erroneous inclusion of the same income to the same taxpayer for two taxable years or the erroneous inclusion of the same income to two related taxpayers. 26 U.S.C. §1312(1).  The Penas claim that this type of error was made in their case.

In determining the Penas' 1971 tax liability, the IRS attributed income to Mr. Pena based on his receipt of real property as compensation.  They claim that, in a subsequent bankruptcy proceeding, any claim or legal right that Pena had in this property was avoided and set aside by the trustee.  The property was attributed to Champions Racquet Club Estates, Inc. Pena was a shareholder in this company, and therefore he alleges that he was again subjected to taxation on the property's value based on his receipt of the proceeds from the sale of the property in the form of a distribution.

Even if the IRS took an inconsistent position resulting in the double inclusion of an item of gross income by attributing the property in question to the corporation as constructive income once the bankruptcy court entered its judgment, after it had previously attributed the same property to Pena as his

3

personal constructive income, this type of double inclusion is not correctable under section 1312. Section 1312 applies to the same income being included as items of gross income for two related taxpayers. Section 1313(c)(1)-(7) defines the term related taxpayers and a corporation and its shareholders are not included in this list. See also Hindes v. United States, 371 F.2d 650, 654 (5th Cir.), cert. denied, 87 S.Ct. 1307 (1967). The mitigation provisions do not apply.

The Penas also argue that the inconsistent treatment of the property, income to Pena versus income to the corporation, constituted double inclusion to the Penas under the mitigation statute. However, the property was included as an item of income to Penas only once. Pena's distribution from the corporation may have been affected by the inclusion of the property in the corporation's income, but that is not the double inclusion to which the statute applies.

AFFIRMED.